### STATE OF CONNECTICUT *v.* EARL DAAY
### (3280)

DUPONT, C. J., HULL and BORDEN, Js.

Argued October 1—decision released November 19, 1985

*Nicholas P. Cardwell,* with whom was *Kenneth J. McDonnell,* for the appellant (defendant).

*Jeffrey L. Kline,* assistant state's attorney, for the appellee (plaintiff).

HULL, J. The defendant appeals from his conviction, after a jury trial, of possession of four or more ounces of marihuana in violation of General Statutes (Rev. to 1981) § 19-481 (b).[1] The defendant claims that the trial court erred in denying his motion to suppress the marihuana which he alleges was illegally obtained. Since

---

[1] The defendant was also convicted of interfering with an officer in violation of General Statutes § 53a-167a (a). He did not appeal his conviction on that offense.

the defendant disavowed any interest in the suitcase in which the marihuana was discovered, we conclude that he had no reasonable expectation of privacy in it so as to enable him to challenge the search. Accordingly, we find no error.

There was testimony from which the court, in ruling on the defendant's motion to suppress, could have found the following facts. On August 5, 1982, the Connecticut state police received information which made them suspect that an individual would be landing at Bradley International Airport with narcotics in a suitcase. In response to this information, the police arranged to have a narcotics-detecting dog present to sniff the luggage from the appropriate flight. The dog showed interest in one suitcase, prompting the police to watch the baggage claim area. When the defendant picked up the suitcase, a trooper approached him. After the trooper identified himself, the defendant dropped the suitcase, shoved the officer and ran toward the exit. Another trooper apprehended the defendant and arrested him for interfering with an officer in violation of General Statutes § 53a-167a (a). The defendant at first admitted that he owned the suitcase, but then later repeatedly denied ownership. After the defendant disclaimed any interest in the suitcase, the police opened it without a warrant and discovered marihuana inside. The defendant was then charged with possession of marihuana.

Prior to trial, the defendant moved to suppress the marihuana claiming the police committed an unlawful search when they opened the suitcase without a warrant.[2] The trial court denied the motion finding that the defendant had not shown that he had "standing"[3]

---

[2] The defendant did not contest the validity of the initial seizure and detention of the suitcase.

[3] The trial court, the state and the defendant all phrased the issue as whether the defendant had "standing" to challenge the search. Both the

to challenge the search. The defendant was then convicted of both offenses.

A person may not object to the introduction of evidence resulting from an illegal search unless he first proves that he was a victim of that search. *Rawlings* v. *Kentucky,* 448 U.S. 98, 104, 100 S. Ct. 2556, 65 L. Ed. 2d 633 (1980). One is a victim of a search when it violates his reasonable expectation of privacy in the area searched. *Rakas* v. *Illinois,* 439 U.S. 128, 143, 99 S. Ct. 421, 58 L. Ed. 2d 387, reh. denied, 439 U.S. 1122, 99 S. Ct. 1035, 59 L. Ed. 2d 83 (1978). Therefore, the first question that must be answered in any suppression case is whether the individual who seeks suppression had a reasonable expectation of privacy in the area searched. Id. "This inquiry . . . normally embraces two discrete questions. The first is whether the individual, by his conduct, has 'exhibited an actual (subjective) expectation of privacy,' [*Katz* v. *United States,* 389 U.S. 347, 361, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967)] . . . . The second question is whether the individual's subjective expectation of privacy is 'one that society is prepared to recognize as "reasonable," ' id., at 361 . . . ." *Smith* v. *Maryland,* 442 U.S. 735, 740, 99 S. Ct. 2577, 61 L. Ed. 2d 220 (1979); *State* v. *Zindros,* 189 Conn. 228, 236, 456 A.2d 288, cert. denied, 465 U.S. 1012, 104 S. Ct. 1014, 79 L. Ed. 2d 244 (1983).

In this case, there was no evidence introduced to show that the defendant entertained a reasonable expectation of privacy in the area searched. The defendant, by dropping the suitcase to flee and by denying ownership of it, clearly disavowed any interest in it.

United States Supreme Court; *Rawlings* v. *Kentucky,* 448 U.S. 98, 104, 100 S. Ct. 2556, 65 L. Ed. 2d 633 (1980); and the Connecticut Supreme Court; *State* v. *Morrill,* 197 Conn. 507, 540–41, 498 A.2d 76 (1985); however, no longer conduct a separate inquiry into whether the defendant has "standing," and focus instead on whether the defendant had a reasonable expectation of privacy in the area searched.

Additionally, at the suppression hearing, the defendant asserted neither a property nor a possessory interest in the luggage even though, had he done so, his testimony could not have been used later to prove his guilt of the possession charge. *Simmons* v. *United States,* 390 U.S. 377, 394, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968). Ownership of the area searched is not a prerequisite for invoking fourth amendment protection. *Katz* v. *United States,* supra, 351. A party must, however, if he wishes to challenge the legality of a search, assert some interest sufficient to show that he actually expected privacy in the area searched and that this expectation was justifiable under the circumstances. *State* v. *Altrui,* 188 Conn. 161, 179, 448 A.2d 837 (1982). This the defendant did not do.

The defendant also claims that he should be allowed to challenge the search without making any preliminary showing of interest in the suitcase. In support of this argument, the defendant points out that, absent such a rule, the state is able to assert contradictory positions: that the defendant did not have enough interest in the suitcase to challenge the search, but did have enough interest in it to be convicted of possession of the contents. This, according to the defendant, gives the state an unfair advantage. This argument, plausible on its face, has been rejected by both the United States Supreme Court; *United States* v. *Salvucci,* 448 U.S. 83, 100 S. Ct. 2547, 65 L. Ed. 2d 619 (1980); and the Connecticut Supreme Court; *State* v. *Altrui,* supra. A defendant is not entitled to challenge a search "on some automatic basis because of having been charged with a possessory crime." (Footnote omitted.) *State* v. *Altrui,* supra, 179.

The party who seeks suppression has the burden of proving that he had a reasonable expectation of privacy in the area searched. *Rawlings* v. *Kentucky,* supra, 104.

Since the defendant did not meet this burden, the trial court was correct in ruling that he could not challenge the search.

There is no error.

In this opinion the other judges concurred.