## STATE OF CONNECTICUT *v.* ROBERT HAYNES (3939)

DUPONT, C. J., HULL and DALY, Js.

Argued May 2—decision released June 3, 1986

*Conrad Ost Seifert,* for the appellant (defendant).

*Lawrence J. Tytla,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from his judgment of conviction, after a jury trial, of possession of a sawed-off shotgun in violation of General Statutes § 53a-211.[1] His sole claim on appeal is that the trial court erred in denying his motion to suppress the shotgun which he alleges was obtained in derogation of his right to be free from unreasonable searches and seizures as guaranteed by the fourth amendment to the

---

[1] General Statutes § 53a-211 provides in pertinent part: "(a) A person is guilty of possession of a sawed-off shotgun or a silencer when he owns, controls or possesses any sawed-off shotgun that has a barrel of less than eighteen inches or an overall length of less than twenty-six inches or when he owns, controls or possesses any silencer designed to muffle the noise of a firearm during discharge . . . ."

United States constitution.[2] Because the defendant has not shown that he had a reasonable expectation of privacy in the bag in which the shotgun was found, we conclude that the trial court did not err in denying his motion to suppress.

There was testimony from which the trial court, in ruling on the defendant's motion to suppress, could have found the following facts. On July 14, 1984, at approximately 7 p.m., Alan Herbert entered Betty Jo's Package Store in New London to purchase some soda. After leaving the store, Herbert was approached by the defendant who demanded that he repay some money he owed. The two men argued for a short time and the defendant then reached into a brown cloth bag that he was carrying, pulled out what appeared to a .45 caliber gun and pointed it at Herbert. When Herbert saw the gun, he ran into the package store to elude the defendant. One of the owners of the store called the police.

Soon after receiving a complaint from Herbert, the New London police began to look for the defendant.[3] While searching an area the defendant was known to frequent, officer Glenn Davis saw the defendant, with whom he was familiar. As Davis approached in his police cruiser, the defendant ran across the street and headed down a driveway between two buildings. Davis followed the defendant and saw him throw a brown bag toward a dumpster. The bag hit the lip and fell to the ground where Davis retrieved it before losing sight of the defendant. Minutes later, another officer apprehended the defendant in a nearby wooded area. Davis

---

[2] The defendant makes no claim that the search also violated any rights guaranteed by article first, § 7, of the Connecticut constitution.

[3] The police did not search for the defendant immediately but, rather, waited until Alan Herbert selected the defendant's photograph from a group of approximately 50 to 100 photographs which were shown to him.

then opened the brown bag to search it and found a twelve to sixteen inch sawed-off shotgun inside.

Prior to trial, the defendant moved to suppress the shotgun, claiming that by opening the bag without a warrant, Davis had conducted an unlawful search. The trial court denied the motion, finding that the defendant had not shown a reasonable expectation of privacy in the bag sufficient to entitle him to challenge the search. The court also held that even had the defendant shown the requisite expectation of privacy, he would not have prevailed since the warrantless search was justified by exigent circumstances: the possible presence of a gun inside the bag which was located in a crowded area. The defendant now claims the trial court erred in so holding.

"A person may not object to the introduction of evidence resulting from an illegal search unless he first proves that he was a victim of that search. *Rawlings* v. *Kentucky*, 448 U.S. 98, 104, 100 S. Ct. 2556, 65 L. Ed. 2d 633 (1980). One is a victim of a search when it violates his reasonable expectation of privacy in the area searched. *Rakas* v. *Illinois*, 439 U.S. 128, 143, 99 S. Ct. 421, 58 L. Ed. 2d 387, reh. denied, 439 U.S. 1122, 99 S. Ct. 1035, 59 L. Ed. 2d 83 (1978). Therefore, the first question that must be answered in any suppression case is whether the individual who seeks suppression had a reasonable expectation of privacy in the area searched. Id." *State* v. *Daay*, 5 Conn. App. 496, 498, 500 A.2d 248 (1985). An individual has a reasonable expectation of privacy if he subjectively believes that the area will remain private, and his subjective belief is one that society is willing to recognize as reasonable. Id.

Here, the trial court correctly determined that the defendant did not show that he had an actual and reasonable expectation of privacy in the area searched.

First, the defendant did not show that he subjectively believed that the bag would remain hidden either by introducing direct evidence of his belief, or by introducing circumstantial evidence from which the trial court could have inferred such a belief. Nor did he introduce evidence showing that any subjective expectation of privacy that he had was reasonable. He did not, for example, claim that he owned the bag, although he could have done so without running the risk of having that testimony used to prove his guilt of the possession charge. *Simmons* v. *United States,* 390 U.S. 377, 394, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968).

The defendant asserts that he established a reasonable expectation of privacy in the bag merely by showing that he possessed it before he was confronted by the police. This argument runs counter to this court's decision in *State* v. *Daay,* supra. In *Daay,* a case that is factually almost identical to the present case, this court held that a defendant who had dropped a suitcase he was holding when approached by the police, and who later denied ownership of the suitcase, could not challenge the legality of the subsequent search of it. In coming to that conclusion, this court reasoned that "by dropping the suitcase to flee and by denying ownership of it, [the defendant] clearly disavowed any interest in it." Id., 498. That reasoning applies with equal force in this case.

The defendant also contends that, by claiming ownership of some money found in the bag, he made the requisite showing that he had a reasonable expectation of privacy in it. This argument is without merit. Even if we assume, arguendo, that by claiming an interest in the money the defendant showed that he had a subjective expectation of privacy in the bag, the trial court's decision to deny his motion to suppress still was correct since any subjective expectation of privacy the

defendant may have had in the bag could not be considered *reasonable* once he threw the bag away. Id.

"The party who seeks suppression has the burden of proving that he had a reasonable expectation of privacy in the area searched. *Rawlings* v. *Kentucky,* supra, 104. Since the defendant did not meet this burden, the trial court was correct in ruling that he could not challenge the search." *State* v. *Daay,* supra, 499–500.[4]

There is no error.

---

[4] The defendant also claims that the trial court erred in finding that the search was valid because the police had probable cause to arrest him and because the search was justified by exigent circumstances. Since we have held that the defendant was not entitled to challenge the legitimacy of the search, we do not need to consider these claims.