STATE OF CONNECTICUT *v.* WILLIE MANSON
(5801)

BORDEN, STOUGHTON and FOTI, Js.

Argued November 3, 1987—decision released January 12, 1988

---

*Michael A. Georgetti,* for the appellant (defendant).

*Joseph C. Morelli,* special assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgments of conviction rendered after he entered a conditional plea of nolo contendere to two counts of burglary in the third degree, in violation of General Statutes § 53a-103, following the denial of his motion to suppress. The defendant claims on appeal that the court erred (1) in finding that the police had sufficient articulable grounds to stop him, (2) in finding that the duration of the stop did not exceed constitutional limits, (3) in refusing to suppress evidence obtained incidental to his arrest, and (4) in finding that the defendant did not have a reasonable expectation of privacy in the vehicle in which he was a passenger. We find no error.

This appeal arises from the same factual background as *State* v. *Foster,* 13 Conn. App. 214, 535 A.2d 393 (1988). The defendant's first three claims of error are identical in all respects to the claims raised by the defendant in *State* v. *Foster,* supra. Unless this defendant can establish, however, that he had a reasonable

expectation of privacy in the area of the vehicle searched, we need not reach those claims with respect to him.

The defendant's remaining claim, therefore, is that the court erred in finding that he lacked the requisite expectation of privacy in Foster's automobile to challenge its search.[1] We find that this claim lacks merit.

"A person may not object to the introduction of evidence resulting from an illegal search unless he first proves that he was a victim of that search. *Rawlings* v. *Kentucky,* 448 U.S. 98, 104, 100 S. Ct. 2556, 65 L. Ed. 2d 633 (1980). One is a victim of a search when it violates his reasonable expectation of privacy in the area searched. *Rakas* v. *Illinois,* 439 U.S. 128, 143, 99 S. Ct. 421, 58 L. Ed. 2d 387, reh. denied, 439 U.S. 1122, 99 S. Ct. 1035, 59 L. Ed. 2d 83 (1978). Therefore, the first question that must be answered in any suppression case is whether the individual who seeks suppression had a reasonable expectation of privacy in the area searched. Id. 'This inquiry . . . normally embraces two discrete questions. The first is whether the individual, by his conduct, has "exhibited an actual (subjective) expectation of privacy," [*Katz* v. *United States,* 389 U.S. 347, 361, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967)] . . . . The second question is whether the individual's subjective expectation of privacy is "one that society is prepared to recognize as 'reasonable,' " id., at 361 . . . . ' *Smith* v. *Maryland,* 442 U.S. 735, 740, 99 S. Ct. 2577, 61 L. Ed. 2d 220 (1979); *State* v. *Zindros,* 189 Conn. 228, 236, 456 A.2d 288, cert. denied, 465

---

[1] The defendant claims that he had standing to challenge the search. A separate inquiry into whether a defendant has standing is no longer conducted. Rather, the inquiry is limited to whether the defendant had a reasonable expectation of privacy in the area searched. *State* v. *Daay,* 5 Conn. App. 496, 497 n.3, 500 A.2d 248 (1985).

U.S. 1012, 104 S. Ct. 1014, 79 L. Ed. 2d 244 (1983)."
*State* v. *Daay,* 5 Conn. App. 496, 498, 500 A.2d 248
(1985).

In this case, the defendant has neither demonstrated a possessory interest in Foster's car or in any of the seized evidence. Nor has he established a reasonable expectation of privacy in the area searched. *State* v. *Altrui,* 188 Conn. 161, 179, 448 A.2d 837 (1982).

The defendant's claim that he should be permitted to challenge the search because he has a possessory interest in his person is little more than a rephrasing of the argument that, having been charged with a possessory crime, the defendant can challenge a search. This argument has been unequivocally rejected. *United States* v. *Salvucci,* 448 U.S. 83, 100 S. Ct. 2547, 65 L. Ed. 2d 619 (1980); *State* v. *Altrui,* supra; *State* v. *Daay,* supra, 499. The area searched was not the defendant's person; it was, instead, the front seat of Foster's automobile. We conclude, therefore, that the court ruled correctly in finding that the defendant lacked the requisite reasonable expectation of privacy in the front seat of Foster's automobile so as to challenge the search.

There is no error.

In this opinion the other judges concurred.